In the Matter of the Claim of PETER SECKLER, Respondent, against MORRIS STORAGE COMPANY, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal involves wage rate. Wages before the injuries were thirty-six dollars a week. The Board found that earnings were reduced twenty-five per cent, or nine dollars, because of the injuries. The award was for eight dollars a week, as the minimum under subdivision 6, section 15, of the Workmen's Compensation Law. The carrier argues that the award should be six dollars a week, or sixty-six and two-thirds per cent of the amount of the reduction. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of JEAN FADEN, Respondent, against PAUL HANSON COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal is from an award for dermatitis, an occupational disease. The amendment making the disease compensable became effective October 1, 1930. The Board has found that the claimant became disabled November 15, 1930. The appellants contend that the claimant first developed symptoms of the disease in May, 1930. It is undisputed, however, that she continued to work until November 15, 1930. Section 42 of the Workmen's Compensation Law provides that date of disablement shall be such as the Board may determine after a hearing. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of H. HAGLUND, Respondent, against THE BAYER COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Claimant had been employed for a number of years by the H. A. Metz Laboratories, Inc., and during part of that period had occasion to use benzol in his employment. Immediately thereafter he was employed by the Bayer Company in the use of benzol, between August, 1931, and November 8, 1931. On the latter date he was stricken with benzol poisoning. The Bayer Company seeks to apportion the award between the two employers and their carriers. The family doctor of the claimant testifies that he examined the man twice a year for five years before he became disabled, and that there was no history of prior poisoning. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.